UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Nicholas Woodall,

Plaintiff

v.

Lucas County, Ohio, et al.,

Defendants.

Case No. 3:26-cv-0312

ORDER

Before me is Plaintiff's application to proceed *in forma pauperis*. (Doc. No. 4). For the reasons stated below, I conclude Plaintiff does not qualify as a pauper and deny the Application.

In federal court, 28 U.S.C. §1915 governs *in forma pauperis* applications. Under this statute, a Federal Court *may* authorize the commencement of any action without prepayment of filing fees if the litigant submits an affidavit that includes a statement of all assets, income, debts and expenses that demonstrates the person is unable to pay the filing fee. 28 U.S.C. § 1915(a)(1). Pauper status does not require absolute destitution. *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Rather, the determination is whether he can pay the filing fee without undue hardship. *Id.*

The determination of what constitutes an "undue hardship" is left to the discretion of the Court. It requires more than a showing of some hardship. Proceeding *in forma pauperis* is not available for a litigant who seeks waiver of fee simply because he or she would have to make adjustments in the monthly budget to pay the fee. *Behmlander v. Comm'r of Soc. Sec.*, 2012 WL 5457466 at * 2 (E.D. Mich. Oct. 16, 2012) (A person is not a pauper just because he must "weigh

the financial constraints posed by pursuing [his] Complaint against the merits of [his] claims."). On the other end of the spectrum, the Supreme Court has determined that litigants are not require "to contribute to payment of costs, the last dollar they have or can get, and thus make themselves and their dependents wholly destitute" in order to proceed as a pauper under 28 U.S.C. § 1915. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948).

Courts have determined that pauper status is available only to litigants who demonstrate in their Affidavit that the one-time payment of the Court's filing fee will render the plaintiff unable to provide for himself and his dependents. *Maddox v. Foley*, No. 3:23-CV-48, 2023 WL 3852943, at *2 (S.D. Ohio May 10, 2023). *In forma pauperis* status is reserved for those plaintiffs who would be required to forgo "food, shelter, clothing, or some other necessity" if they were required to pay a judicial filing fee. *Id.* at *1 (S.D. Ohio June 12, 2024); *Bush v. Ohio Dep't of Rehab. & Corr.*, No. 2:05-cv-0667, 2007 WL 4365381, at *1 (S.D. Ohio Dec. 10, 2007).

The Court takes very seriously a request to proceed with litigation at taxpayer expense. It is within the Court's discretion to allow a litigant to proceed *in forma pauperis*. *Id.* Proceeding *in forma pauperis* is a privilege, and not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998).

"In determining IFP eligibility, courts will generally look to whether the persons are employed, the person's annual salary, and any other property or assets the person may possess." *Cognetto v. Comm'r of Soc. Sec.*, No. 14-10006, 2014 WL 358465, at *1 (E.D. Mich. Jan. 31, 2014) (internal quotation marks and citation omitted).

While by no means a mandatory limit, the Administrative Office of the United States Courts offers a guideline measure of 150% of the Health and Human Services poverty guideline amounts to determine if the litigant meets the criteria of poverty.[1] That guideline suggests that for 2026, the poverty limit for a single person with no dependents is $1,995 per month or $23,940 per year. Here,

[1] https://www.uscourts.gov/sites/default/files/document/poverty-guidelines.pdf

Plaintiff states that he earns a total of $3,087 per month. (Doc. No. 4 at 2). This equates to $37,044 per year. Although this is not an extremely high income, it is well beyond the suggested guideline income and exceeds the income level that the Court typically recognizes as meeting poverty criteria.

Aside from this, I note that Plaintiff is employed and has property and assets: a home which he values at $5,000 and a car which he does not list as an assert but does list as an expense. (*See id.* at 3-4). Additionally, setting aside that some of his expenses are not "necessities of life" he would have to forego if he paid the filing fee (e.g., $215 per month for "internet, adobe, web hosting, pacer fees"), I conclude his assertion he has or will pay $750 in expenses and attorney fees for this litigation rebuts his allegation that he cannot pay the $405 filing fee. (*Id.* at 5).

Considering all of the representations made in Plaintiff's application, I conclude this is not a case in which Plaintiff cannot pay the filing fee and still provide for himself. Instead, it is one where the Plaintiff must "weigh the financial constraints posed by pursuing his Complaint against the merits of his claims." *Behmlander*, 2012 WL 5457466, at * 2.

Therefore, Plaintiff's application to proceed *in forma pauperis* is denied, (Doc. No. 4), and this case is dismissed. Plaintiff may reopen this case within thirty (30) days by first paying the full filing fee of $405 and then filing a Motion to Reopen. The Court will not accept any other documents for filing, including a Motion to Reopen, unless the full filing fee is first paid in the time period set forth in this Order. I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge