UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Nicholas Woodall,

Plaintiff,

v.

Lucas County of Ohio, *et al.*,

Defendants.

Case No. 3:26-cv-312

MEMORANDUM OPINION
AND ORDER

## I. INTRODUCTION AND BACKGROUND

*Pro se* plaintiff Nicholas Woodall filed this civil rights action against Lucas County, Ohio, the Lucas County Law Library Resource Board, the Lucas County Board of Commissioners, and 11 individual defendants. (Doc. No. 1). Woodall alleges Defendants violated his constitutional rights through their "policy and practice of restricting access to the courthouse law library for self-represented litigants and public law researchers, while providing full, unrestricted access to licensed attorneys." (*Id.* at 3). Woodall alleges this policy and practice violates his right to access the courts and his due process and equal protection rights, as well as his First Amendment rights to petition the government and "to acquire information and ideas." (*Id.* at 12).

This case previously was dismissed after I concluded Woodall had not adequately demonstrated that he was entitled to proceed with this case without prepaying the filing fee. (Doc. No. 7). After I granted him leave to do so, (Doc. No. 8), Woodall filed an amended motion to

proceed *in forma pauperis*. (Doc. No. 9). For the reasons stated below, I grant Woodall's motion to proceed *in forma pauperis*[1] and dismiss this action as meritless.

## II. Standard

*Pro se* complaints are generally liberally construed and held to more lenient standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), but the lenient treatment generally accorded *pro se* pleadings "has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citation omitted). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations or construct claims on their behalf. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), for determining a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) governs dismissal for failure to state a claim under § 1915(e)(2)(B). *Hill*, 630 F.3d at 471. To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* The allegations in the pleading "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations . . . are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

---

[1] I conclude the representations in Woodall's revised *in forma pauperis* application, taken as true, satisfy the requirements of 28 U.S.C. § 1915(a)(1).

## III. ANALYSIS

### A. CLAIMS FOR RELIEF

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of a right secured by the constitution by a person acting under color of state law. *See, e.g., West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).

Woodall's claims are subject to dismissal because he has failed to identify a violation of his constitutional rights.

"'It is beyond dispute that the right of access to the courts is a fundamental right protected by the Constitution.'" *Swekel v. City of River Rouge*, 119 F.3d 1259, 1261 (6th Cir. 1997) (quoting *Graham v. Nat'l Collegiate Athletic Ass'n,* 804 F.2d 953, 959 (6th Cir. 1986)). When faced with an access-to-courts claim, "a court must ascertain whether the [alleged violation] occurred pre- or post-filing." *Swekel*, 119 F.3d at 1263. A post-filing violation must, by its nature, occur when "the aggrieved party is already in court and that court usually can address the abuse." *Id.* Therefore, these types of claims "typically will not be viable." *Id.*

A plaintiff seeking to establish a pre-filing violation of the right to access the courts must show that the defendant's conduct denied the plaintiff "'effective' and 'meaningful' access to the courts." *Id.* (quoting *Bound v. Smith*, 430 U.S. 817, 822 (1977)). This "category encompasses 'claims that systemic official action frustrates a plaintiff . . . in preparing and filing suits at the present time'" and may be remedied by placing the plaintiff "'in a position to pursue a separate claim for relief once the frustrating condition has been removed.'" *Von Carruthers v. Skrmetti*, No. 26-5433, 2026 WL 1417798, at *6 (6th Cir. May 20, 2026) (quoting *Christopher v. Harbury*, 536 U.S. 403, 413 (2002)) (alteration by *Von Carruthers*).

Woodall claims the limitations on his access to the Lucas County Law Library violates his right to access the courts because he

> has active federal litigation requiring research and preparation, as well as viable civil claims that were abandoned due to lack of access. Plaintiff also needed legal information to understand statutory duties, evaluate business risks, determine compliance obligations and acquire knowledge for civic engagement.

(Doc. No. 1 at 14).

But Woodall's allegations disprove his claim, as he concedes he has had meaningful access to the courts. (*See also id.* at 6) (discussing two other active federal civil cases he is pursuing).

Moreover, the Constitution protects only an individual's right to access the courts; it does not provide individuals with a "right to a law library or to legal assistance." *Lewis v. Casey*, 518 U.S. 343, 350 (1996). And the limited time periods to which Woodall allegedly is restricted do not prevent him from accessing the numerous free legal research websites available to him through normal internet channels.

Woodall's Equal Protection claim fails as well. The Equal Protection Clause of the Fourteenth Amendment prohibits states from making "distinctions which either burden a fundamental right, target a suspect class, or intentionally treat one differently from others similarly situated without any rational basis for the difference." *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005) (citations omitted). The final prohibition often is referred to as a "class of one" claim, in which a plaintiff does not "allege membership in a class or group . . . [but] alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (citations omitted).

Woodall has not plausibly alleged the limited law library hours for non-attorneys burdens a fundamental right, and *pro se* litigants do not constitute a suspect class, so Woodall alleges there is no rational basis to treat non-attorneys differently from attorneys. (Doc. No. 1 at 10-1). But even if I assume Woodall adequately alleged he is "similarly situated in all material respects" to attorneys, *Aldridge v. City of Memphis*, 404 F. App'x 29, 43 (6th Cir. 2010) (citation and quotation marks

omitted), "governmental action subject to equal protection scrutiny under the rational basis test must be sustained if *any* conceivable basis rationally supports it." *TriHealth, Inc. v. Bd. of Comm'rs, Hamilton Cnty., Ohio*, 430 F.3d 783, 790 (6th Cir. 2005) (emphasis in original). And, given that attorneys must have access to legal publications and other materials to adequately represent their clients, it is rational for Lucas County to provide attorneys with dedicated time periods in which to obtain those materials. Therefore, Woodall fails to allege a plausible Equal Protection claim.

Finally, Woodall asserts claims for "Reckless Disregard for Constitutional Rights," "Deliberate Indifference to Equal Protection and the Right of Access to the Courts and Law Libraries," and "Monell Liability." (Doc. No. 1 at 21, 23, and 27). Woodall alleges "Defendants knew, or in the exercise of reasonable case should have known that . . . [their conduct] created a substantial risk of violating Plaintiff's constitutional rights," (*id.* at 21), and "consciously disregarded the substantial risk that their policies would prevent Plaintiff from accessing legal research materials necessary to litigate . . . ." (*Id.* at 24).

But courts recognize constitutional claims for deliberate indifference as arising from "the Eighth Amendment's protection against cruel and unusual punishment." *North v. Cuyahoga Cnty.*, 754 F. App'x 380, 385 (6th Cir. 2018). Woodall has not pled an Eighth Amendment claim, and he has not identified any other constitutional basis for his reckless-disregard and deliberate-indifference claims. Therefore, I dismiss those claims. And I dismiss Woodall's *Monell* claim because he has not plausibly alleged a constitutional violation. *See, e.g., id.* at 389 ("There must be a constitutional violation for a § 1983 claim against a municipality to succeed – if the plaintiff has suffered no constitutional injury, his *Monell* claim fails.") (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam)).

I conclude Woodall's claims are meritless. Therefore, I dismiss his complaint pursuant to § 1915(e)(2)(B)(ii).

**B. SEPTEMBER 25, 2026 NOTICE**

On August 26, 2026, I ordered:

> Plaintiff may reopen this case within thirty (30) days by first paying the full filing fee of $405 and then filing a Motion to Reopen. The Court will not accept any other documents for filing, including a Motion to Reopen, unless the full filing fee is first paid in the time period set forth in this Order.

(Doc. No. 7 at 3). Then, on September 18, 2026, I authorized the Clerk to accept one additional type of filing: a motion for reconsideration of my August 26, 2026 Order. (Doc. No. 8).

Woodall subsequently sought to file a "Notice and Request Regarding 9/18/26 Order," in which he takes issue with the characterization of several of his communications with members of the Clerk of Court's Office. Because I did not authorize the Clerk to accept the Notice sent by Plaintiff with his motion for reconsideration, I direct the Clerk to return it to him.

**IV. CONCLUSION**

For the reasons stated above, I grant Plaintiff Nicholas Woodall's motion to proceed *in forma pauperis*, (Doc. No. 9), and I dismiss this action pursuant to 28 U.S.C. § 1915(e)(2).

Further, I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge